# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

April 23, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAM MICHAEL REESE,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0557**  (BOR Appeal No. 2046406)
                        (Claim No. 2009086277)

**WEST VIRGINIA DIVISION OF**
**ENVIRONMENTAL PROTECTION,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner William Michael Reese, by Patrick Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Division of Environmental Protection, by H. Toney Stroud, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 2, 2012, in which the Board affirmed a September 1, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's December 29, 2010, decision denying Mr. Reese's request for a pain clinic referral and physical therapy of the right hip. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Reese sustained multiple injuries on April 1, 2009, when he slipped and fell at work. On October 12, 2010, Dr. Crompton, Mr. Reese's treating physician, requested authorization for a pain clinic referral and physical therapy to work on the range of motion in Mr. Reese's right hip, based on ongoing complaints of right hip, right thigh, and bilateral knee pain. On October 19, 2010, Dr. Crompton diagnosed Mr. Reese with morbid obesity, stage IV avascular necrosis in the right hip with osteoarthritis, and bilateral knee pain secondary to degenerative changes. On

1

November 1, 2010, Dr. Thaxton performed a records review and found that the medical evidence of record does not support authorization of Mr. Reese's request for a pain clinic referral or physical therapy for the right hip because neither of the requests are related to the April 1, 2009, injury. She found that the request for a pain clinic referral is not related to the April 1, 2009, injury because the medical record demonstrates that Mr. Reese suffered from chronic pain prior to the injury. She further found that Mr. Reese's hip condition is not a compensable component of the claim. On December 17, 2010, the StreetSelect Grievance Board found that prior to the April 1, 2009, injury, Mr. Reese required the use of a cane, was morbidly obese, and had been prescribed chronic pain medications; it further found that at the time of the injury, he suffered from degenerative disease in both knees and stage IV avascular necrosis in the right hip, both of which were pre-existing. The Grievance Board then found that treatment for pre-existing conditions, including physical therapy and a pain clinic referral, should not be authorized. On May 19, 2011, Dr. Bailey performed an independent medical evaluation and found Mr. Reese to be at maximum medical improvement, and further found that additional physical therapy and pain management would be aimed exclusively at treating non-compensable pre-existing conditions.

In its Order affirming the December 29, 2010, clams administrator's decision, the Office of Judges held that the preponderance of the evidence fails to show that Mr. Reese's requests for authorization of a pain clinic referral and physical therapy for the right hip are medically related and reasonably required for the treatment of the April 1, 2009, injury. Mr. Reese appeals only the denial of authorization for a pain clinic referral, and asserts that that the evidence of record demonstrates that referral to a pain clinic is medically related and reasonably required for the treatment of the April 1, 2009, injury.

In making its decision to deny Mr. Reese's request for a pain clinic referral, the Office of Judges relied on the opinions of Dr. Thaxton and the StreetSelect Grievance Board, and found that their reports show that Mr. Reese's treatment requests are unrelated to the April 1, 2009, injury. In her report, Dr. Bailey also found that Mr. Reese's request for a pain clinic referral is unrelated to the April 1, 2009, injury. Additionally, the Office of Judges found that Dr. Crompton's request for authorization of a pain clinic referral is based on Mr. Reese's symptoms related to bilateral knee pain secondary to degenerative changes, which is not a compensable component of the claim. The Board of Review reached the same reasoned conclusions in its decision of April 2, 2012. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: April 23, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum